UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 APR 11  A 9: 21

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| OMAR HERNANDEZ and PATRICIA ISABEL HOWARD, ) <br><br>Plaintiffs, ) <br><br>v. ) <br><br>EVELYN UPCHURCH, Director, Texas Service Center, U.S. Citizenship and Immigration Services, in her official capacity; and EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services, in his official capacity, ) <br><br>Defendants. ) | CIVIL ACTION NO. 2:07cv312-MEF |

## COMPLAINT FOR MANDAMUS

The plaintiffs, Omar Hernandez and Patricia Isabel Howard, by and through their counsel of record, hereby file their claims for relief and state as follows:

1. This is a civil action brought pursuant to 8 U.S.C. §1329, and 28 U.S.C. §1331 and §1361 to redress the deprivation of rights, privileges and immunities secured to plaintiffs, by which statutes jurisdiction is conferred, and to compel defendants to perform a duty that defendants owe to plaintiffs. Jurisdiction is also conferred by 5 U.S.C. §704.

2. This action is brought to compel defendants and those acting under their supervision and pursuant to their authority to render a decision on applications filed with the defendants to accord plaintiffs Omar Hernandez and Patricia Isabel Howard status as lawful permanent residents, under 8 U.S.C. §1255.

3. Plaintiffs Omar Hernandez and Patricia Isabel Howard are husband and wife, are applicants

for adjustment of status under 8 U.S.C. §1255, and reside in the Town of Pike Road, County of Montgomery, State of Alabama.

4. Defendant Evelyn Upchurch is Director of the Texas Service Center, U.S. Citizenship and Immigration Services ("USCIS"), Department of Homeland Security, and is charged by law with the statutory obligation to adjudicate petitions and applications for immigration benefits, to adjust the status of qualified applicants for admission to the United States as permanent resident aliens in the geographic area under her jurisdiction, which includes Montgomery County, Alabama, and to supervise immigration officers under her direction and control.

5. Defendant Emilio T. Gonzalez is Director of U.S. Citizenship and Immigration Services of the Department of Homeland Security and is charged by law with the statutory obligation to supervise immigration officers under his direction and control, including defendant Upchurch.

6. On March 28, 2005, plaintiffs filed their applications for adjustment of status — and for their minor children, Omar Hernandez-Howard, Manuel Hernandez-Howard, and Patricia D. Hernandez-Howard — with defendants' Texas Service Center ("TSC"), paid the required filing fees, and obtained receipts from the TSC for their applications. Said applications are predicated upon the TSC's approval of a religious immigrant visa for Plaintiff Omar Hernandez on October 22, 2004, pursuant to section 101(a)(27)(C)(ii) of the Immigration and Nationality Act, as amended, in his capacity as Hispanic minister for the Montgomery County Baptist Association. Immigrant visas are immediately available in this visa category for the principal alien, spouse, and minor children.

7. In August, 2006, and again in November, 2006, plaintiffs filed applications with the TSC to renew employment authorization, which is required annually, and received the following response: "Please submit proof ... that there is or has been a properly filed underlying immigrant petition ... , as we are unable to verify this is in our systems." Plaintiffs submitted documentation as requested,

but their employment authorization cases were denied.

11. Upon information and belief, the plaintiffs are of the opinion and hereby assert that the defendants have either lost plaintiffs' adjustment of status cases or their cases are being mishandled. Plaintiffs assert that they are due timely responses from defendant Upchurch with respect to their applications for adjustment of status to that of permanent resident alien. The willful and unreasonable inaction by defendants deprives the plaintiffs of immigrant benefits for which they are qualified under federal law. The plaintiffs are at the mercy of the defendants, whose discretion to accord permanent resident alien status in the United States is exclusively under the defendants' control.

12. Defendants owe plaintiffs a duty to act upon their applications for adjustment of status and have unreasonably failed to perform that duty.

13. Plaintiffs have exhausted any administrative remedies that may exist.

14. Defendants have willfully and unreasonably failed to act in considering plaintiffs' applications for adjustment of status, thus depriving them of immigration benefits to which they are entitled under the Immigration and Nationality Act, Title 8 of the United States Code, and Title 8 of the Code of Federal Regulations as above-cited.

WHEREFORE, plaintiffs pray that the Court will:

(1) Compel defendants and those acting under their supervision and control to perform their duties and obligations under their authority, and to render decisions with regard to plaintiffs' applications for adjustment of status;

(2) Grant such other and further relief this Court deems proper under the circumstances; and

(3) Grant attorney's fees and costs of court, and return to plaintiffs filing fees paid to defendants in which applications were wrongfully denied or denied in error.

Respectfully submitted on this 9th day of April, 2007.

*Boyd F. Campbell*
BOYD F. CAMPBELL        ASB-8517-C66B
Attorney for Plaintiff

COUNSEL'S ADDRESS:
BOYD F. CAMPBELL, L.L.C.
441 Martha Street
P.O. Box 11032
Montgomery, Alabama 36111-0032
Tel (334) 832-9090
Fax (334) 832-9090

"My name is Omar Hernandez. I am a plaintiff in the above-styled cause and am an applicant for immigration benefits along with my wife and children. I hereby swear and affirm, having been duly sworn, and placed under oath, that the foregoing complaint is true and correct according to the best of my knowledge, information and belief."

*Omar Hernandez*
OMAR HERNANDEZ

STATE OF ALABAMA        )
                        )
COUNTY OF MONTGOMERY    )

Before me, a Notary Public for the State at Large, appeared Omar Hernandez, who is known to me and, having been first duly sworn, acknowledged before me that the foregoing is true and correct to the best of his knowledge, information, and belief.

Sworn before me on the 9th day of April, 2007.

( SEAL )                *Judy Randall*
                        NOTARY PUBLIC
                        My Commission expires: 4-19-2010

"My name is Patricia Isabel Howard. I am a plaintiff in the above-styled cause and am an applicant for immigration benefits, along with my husband and children. I hereby swear and affirm, having been duly sworn, and placed under oath, that the foregoing complaint is true and correct according to the best of my knowledge, information and belief."

_____
PATRICIA ISABEL HOWARD

STATE OF ALABAMA         )
                         )
COUNTY OF MONTGOMERY     )

Before me, a Notary Public for the State at Large, appeared Patricia Isabel Howard, who is known to me and, having been first duly sworn, acknowledged before me that the foregoing is true and correct to the best of his knowledge, information, and belief.

Sworn before me on the ___9th___ day of ___April___, 2007.

( SEAL )                 _____
                         NOTARY PUBLIC
                         My Commission expires: 4-19-2010

# AFFIDAVIT

COMES NOW Omar Hernandez, who deposes, and swears or affirms under penalty of perjury, and states as follows:

"My name is Omar Hernandez. I am a resident of the Town of Pike Road in Montgomery County, Alabama. I am an applicant for adjustment of status to that of permanent resident alien of the United States. On October 22, 2004, I received approval for a religious immigrant visa in my capacity as Pastor for the Hispanic Ministry of the Montgomery Baptist Association. On March 28, 2005, my wife, my two sons, my daughter, and myself files applications for adjustment of status with the Texas Service Center ('TSC') of U.S. Citizenship and Immigration Services, and paid all of the filing fees, for which we have receipts.

"Through discussions with my lawyer, Boyd Campbell, who prepared these immigration cases for me, I understand that immigrant visas are immediately available in the religious immigrant visa category for which I was approved.

"When there was no action by the TSC on our applications for adjustment of status, it became necessary for my wife and me to apply for renewal of our employment authorization, which is valid for only one year. Mr. Campbell did this for us and received notices from the TSC that it wanted proof that they had approved me for a religious immigrant visa. This was not the first time I had knowledge that the TSC had either lost our immigration cases or had grossly mishandled them, because we had received similar notices in the past.

"My family members and I have not been asked for medical examinations or vaccination records, but we have been fingerprinted and photographed, and now we are being denied employment authorization for a reason that causes us great concern. I do not understand why USCIS cannot give me, my wife, and children the immigration benefits for which we are entitled, and I need the court's help to force the TSC to act on our applications for adjustment of status and to return filing fees we paid for which we have received no benefits."

FURTHER AFFIANT SAITH NOT.

_____
OMAR HERNANDEZ

AFFIANT'S ADDRESS:
143 Gilder Court
Pike Road, Alabama 36064
Telephone: (334) 279-5433

SWORN TO AND SUBSCRIBED before me this 9th day of April, 2007.

(SEAL)

*Judy Randall*
NOTARY PUBLIC OR OFFICIAL
My commission expires: 4-19-2010

NOTARY'S ADDRESS:
Judy Randall
130 Interstate Park
Montgomery, AL 36109
Telephone: (334) 271-6794